

THE CITY OF NEW YORK

# LAW DEPARTMENT

100 CHURCH STREET
NEW YORK, NY 10007

**JEFFREY D. FRIEDLANDER**
*Acting Corporation Counsel*

**JAMES F. HORTON**
*Assistant Corporation Counsel*
Phone: (212) 356-2647
Fax: (212) 356-3509
Email: jhorton@law.nyc.gov

January 3, 2014

**BY ECF**
Honorable Viktor V. Pohorelsky
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    <u>Quamaine Palmer v. Det. Matthew Zito, et al.</u>,
                 13-CV-6722 (CBA) (VVP)

Your Honor:

      I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, representing defendant Detective Matthew Zito in the above-referenced matter.[1]  Defendant Zito respectfully requests a *nunc pro tunc* extension of his time to answer or otherwise respond to the complaint from December 27, 2013, until February 25, 2014.  Plaintiff consents to this request, which is defendant Zito's first request for an extension of time to respond to the complaint.

      By way of background, plaintiff alleges, *inter alia*, that on January 13, 2011, he was falsely arrested by Detective Matthew Zito, Undercover Police Officer C0221, and other unidentified members of the New York City Police Department ("NYPD").  Plaintiff alleges defendants unlawfully entered and searched his apartment, and falsely arrested plaintiff which resulted in approximately 15 hours of detention.  There are several reasons for seeking an enlargement of time in this matter.  In accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need time to investigate the allegations set forth in the complaint.  Furthermore, it is our understanding that the records of the underlying criminal

---

[1] This case has been assigned to Assistant Corporation Counsel Peter Fogarty, who is presently awaiting admission to the bar and is handling this matter under my supervision.  Mr. Fogarty may be reached directly at (212) 356-3514 or pfogarty@law.nyc.gov.

actions, including police records, may have been sealed pursuant to N.Y. Crim. Pr. L. § 160.50. Accordingly, this office has forwarded to plaintiff for execution a consent and authorization form for the release of sealed arrest and criminal prosecution records so that defendant Zito can access the information, evaluate the claims in the complaint, and properly respond to the allegations therein.

Additionally, the undersigned is informed by plaintiff's counsel that the individually named defendant, Undercover Police Officer C0221 ("UC 0221"), has been served with process in this case.  This office, however, has not discussed with UC 0221 the manner of service, and we make no representation herein as to the adequacy of service upon him/her.  Assuming that UC 0221 was properly served, this enlargement may also allow this office time to conduct an inquiry to determine whether it will represent him/her in this action.  See General Municipal Law § 50(k); Mercurio v. City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985); Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law).  As this office has not discussed representation with UC 0221, this request for an extension of time is not made on his/her behalf.  Nonetheless, given the time involved in determining the representation of an employee of the NYPD, and in the interest of judicial economy, we hope that the court may, *sua sponte*, extend his/her time to respond as well if s/he was properly served.

Finally, because plaintiff has alleged emotional distress and mental anguish as a result of the events complained of, this office is in the process of forwarding to plaintiff for execution a consent and authorization for the release of medical records, limited, at this juncture, to medical records concerning treatment received as a result of the alleged incident, so that defendant Zito can properly assess the case and respond to the complaint.

No previous request for an extension of time to respond to the complaint has been made by defendant Zito.  Accordingly, it is respectfully requested that defendant Zito's time to answer or otherwise respond to the complaint be extended to February 25, 2014 and that the Court also *sua sponte* extend the time for UC 0221 (assuming s/he has been properly served) to answer or otherwise respond to the complaint.  Upon information and belief, this extension will not affect any other scheduled dates in this litigation.

Thank you for your consideration herein.

Respectfully submitted,


_____/s/_____
James F. Horton
*Assistant Corporation Counsel*

cc: <u>VIA ECF</u>
   Baree N. Fett
   Harvis, Wright, & Fett LLP
   *Attorneys for Plaintiff*
   305 Broadway, 14th Floor
   New York, New York 10007