UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

QUAMAINE PALMER,

                                     Plaintiff,

                            -against-

Detective MATTHEW ZITO; Shield No. 4038; Undercover Police Officer C0221; Sergeant WILLIAM SOMMERS, Shield No. 2586; Detective IAN CYRUS, Shield No. 2768; Detective CHOW; Detective EDWIN SANTIAGO, Shield No. 572; Detective KANOVER; Detective EDWIN GALAN, Shield No. 5983; and Detective MICHELI,

                                     Defendants.

------------------------------------------------------------------ x

**FIRST AMENDED COMPLAINT**

Jury Trial Demanded

13 CV 6722 (CBA) (VVP)

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Quamaine Palmer ("plaintiff" or "Mr. Palmer") is a resident of Kings County in the City and State of New York.

7. Defendant Detective Matthew Zito, Shield No. 4038 ("Zito"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Zito is sued in his individual and official capacities.

8. Defendant Undercover Officer C0221 ("UC0221"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant UC0221 is sued in his individual and official capacities.

9. Defendant Sergeant William Sommer, Shield No. 2586 ("Sommer"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Sommer is sued in his individual and official capacities.

10. Defendant Detective Ian Cyrus, Shield No. 2768 ("Cyrus"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Cyrus is sued in his individual and official capacities.

11. Defendant Detective Ian Cyrus, Shield No. 2768 ("Cyrus"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Cyrus is sued in his individual and official capacities.

12. Defendant Detective Chow, ("Chow"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Chow is sued in his individual and official capacities.

13. Defendant Detective Edwin Santiago, Shield No. 572, ("Santiago"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Santiago is sued in his individual and official capacities.

14. Defendant Detective Kanover, ("Kanover"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Kanover is sued in his individual and official capacities.

15. Defendant Detective Edwin Galan, Shield No. 5983 ("Galan"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Galan is sued in his individual and official capacities.

16. Defendant Detective Micheli, ("Micheli"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Micheli is sued in his individual and official capacities.

17. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

18. At approximately 6:00 p.m. on January 13, 2011, plaintiff was lawfully

present inside his apartment at 13 Covert Street in Brooklyn, New York.

19. Defendant officers banged on the front door, ordered Mr. Palmer out of the apartment and, without probable cause or reasonable suspicion to believe he had committed any crime or offense, handcuffed him and made him stand outside in the freezing cold as they searched the apartment.

20. No contraband was recovered from plaintiff or his residence.

21. Upon information and belief plaintiff's apartment was unlawfully entered and searched.

22. Upon information and belief defendants did not have a warrant or other lawful basis to enter or search the apartment.

23. Mr. Palmer was eventually taken to the 81st Precinct.

24. At the precinct the officers falsely informed employees of the Kings County District Attorney's Office that they had observed Mr. Palmer involved in criminal activity, including an arrest report.

25. At no point did the officers observe Mr. Palmer commit a crime.

26. Plaintiff was eventually taken to Central Booking.

27. After being incarcerated for approximately 15 hours Mr. Palmer was released.

28. On or about April 27, 2011, on the motion of the District Attorney, all charges against Mr. Palmer were dismissed in their entirety.

29. Mr. Palmer suffered damage as a result of defendants' actions. He was deprived of his liberty, suffered emotional distress, mental anguish, fear, anxiety, embarrassment, humiliation and damage to his reputation.

## FIRST CLAIM
## Unlawful Stop and Search

30. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

31. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

32. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
## False Arrest

33. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

34. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

35. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Malicious Prosecution

36. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

37. By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

38. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights. The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

39. As a direct and proximate result of defendants' unlawful actions, plaintiff has suffered, and will continue to suffer, damages, including mental and emotional injury, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## FOURTH CLAIM
### Denial Of Constitutional Right To Fair Trial

40. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

41. The individual defendants created false evidence against plaintiff.

42. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

43. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

44. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Failure To Intervene

45.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

46.     Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

47.     Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

48.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.


DATED: April 23, 2014
             New York, New York

HARVIS WRIGHT & FETT LLP

_____
Baree N. Fett
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
bfett@hwandf.com

*Attorneys for plaintiff*